**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| ADRIANNE R. GOUDEAU, ) | No. CV 08-0307-PHX-JAT |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| COOL CUTS 4 KIDS, INC., ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the unopposed Motion to Dismiss of Defendant Cool Cuts 4 Kids, Inc. ("Defendant" or "Cool Cuts")(Doc. #6) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court now rules on that Motion.

**I.   BACKGROUND**

Plaintiff Adrianne Goudeau ("Plaintiff" or "Ms. Goudeau") commenced this action by filing a pro se Complaint against Defendant on February 20, 2008. Specifically, Plaintiff's action alleges discrimination on the basis of her last name and race in violation of Title VII. Defendant moves to dismiss the action on three grounds. First, Defendant asserts that, to the extent Plaintiff's Complaint raises allegations of racial discrimination aside from the "name affiliation" discrimination, Plaintiff's lawsuit should be dismissed as Plaintiff has failed to exhaust her administrative remedies with respect to those claims. Next, Defendant asserts that Plaintiff lacks standing to bring claims against Defendant for alleged violations of Title VII's record keeping requirements. Finally, Defendant asserts that Plaintiff's claim

for "name affiliation" discrimination fails to state a claim as name affiliation is not a protected class, status, or trait under Title VII or the Civil Rights Acts of 1991.[1]

Plaintiff has not opposed or responded in any way to Defendant's Motion to Dismiss, and the time for doing so has expired.

## II. LEGAL STANDARD AND ANALYSIS

Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the issue summarily." LRCiv. 7.2(i). Local Rule 7.2(c) requires responsive memoranda to be filed within ten days after a motion is served. Plaintiff has not responded to Defendant's March 13, 2008 Motion to Dismiss (Doc. # 6).

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking dismissal]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

---

[1] Plaintiff's name affiliation claim arises from the fact that Plaintiff shares the same last name as local individual, Mark Goudeau, who has been charged with rape and murder and has been referred to in the press as Arizona's "Baseline Rapist." Plaintiff alleges that she shared her concerns about being associated with the Baseline Rapist with Defendant's Trainer, Anita Bianche, and its Vice President of Operations, Melissa Mattern.

1  "The first two of these factors favor the imposition of sanctions in most cases."
2  *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). In the instant case, the Court finds
3  that the public's interest in expeditiously resolving this litigation and the Court's interest in
4  managing the docket weigh in favor of dismissal. Plaintiff has had ample time to respond
5  to Defendant's Motion but has failed to do so. Indeed, Plaintiff has taken no action on this
6  case since the filing and service of her Complaint over a year ago. Because the Court and
7  public have a strong interest in judicial efficiency and the prompt resolution of litigation,
8  dismissal under the circumstances described above is appropriate.

9  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal in
10 this case, since a presumption of injury arises from the occurrence of unreasonable delay in
11 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). It is
12 axiomatic that, as time passes, it becomes harder for Defendants to defend the action as
13 witnesses become unavailable and memories fade. *See Efaw v. Williams*, 473 F.3d 1038,
14 1041 (9th Cir. 2007)(passage of time can prejudice a defendant).

15 Although the fourth factor – public policy favoring disposition of cases on their merits
16 – weighs against a dismissal sanction, this Court finds that factor to be greatly outweighed
17 by the factors in favor of dismissal as discussed above. The Court finds this to be
18 particularly true where, as here, Plaintiff would have difficulty establishing an actionable
19 claim under Title VII. Although the Court does not decide, for purposes of this Motion,
20 whether Plaintiff has failed to state a claim under Title VII as argued by Defendant, the Court
21 does note that Plaintiff's allegations of name discrimination do not create a cognizable claim
22 under Title VII. The Court further notes that Plaintiff has pointed to no authority to support
23 her position that, under the circumstances present here, the alleged record keeping violations
24 are actionable under Title VII.

25 Finally, this Court concludes that the availability of less drastic sanctions does not
26 necessitate that those lesser sanctions be employed in the instant matter. With three factors
27 weighing in favor of dismissal and, at best, two factors weighing against, this Court finds
28 dismissal to be appropriate here, particularly where Plaintiff has taken no action on this

1  matter since the filing and service of her Complaint over a year ago. This Court's decision
2  is further informed by the fact that the dismissal of this action is premised upon a local rule
3  that expressly permits the Court to summarily grant Defendant's unopposed motion. *United*
4  *States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)("Only in rare cases will we question the
5  exercise of discretion in connection with the application of local rules.")

6        The Court further notes that Plaintiff's pro se status does not change the Court's
7  analysis. "Although we construe pleadings liberally in their favor, pro se litigants are bound
8  by the rules of procedure." *Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567
9  (9th Cir. 1987)). Indeed, this Circuit has made clear that "[p]ro se litigants must follow the
10 same rules of procedure that govern other litigants" and should not be treated more favorably
11 than parties who are represented. *King*, 814 F.2d at 567; *see also, Jacobsen v. Filler*, 790
12 F.2d 1362, 1364-65 (9th Cir. 1986)(pro se litigants should not be treated more favorably than
13 parties represented by attorneys).

14       In this case, the dismissal factors are similar to those present in *Ghazali*. In *Ghazali*,
15 the Ninth Circuit upheld summary dismissal of a pro se plaintiff's 42 U.S.C. § 1983 action
16 for the failure to follow a Nevada district court local rule. *Ghazali*, 46 F.3d at 53. The
17 Nevada rule, like Local Rule 7.2(i), considered the failure to file a response to a motion to
18 "constitute a consent to the granting of the motion." *Id.* (quoting D. Nev. R. 140-6). The
19 Court reasoned that the dismissal was proper because the pro se plaintiff was bound by the
20 rules of procedure, was given notice of the motion and ample time to respond, and failed to
21 do so. *Id.* at 54 (citing *King*, 814 F.2d at 567). Plaintiff in this case has similarly failed to
22 respond to Defendant's Motion or to otherwise prosecute this action. The Court thus
23 concludes that dismissal of Plaintiff's case under the local rule is justified and appropriate.
24       Accordingly,
25 / / /
26 / / /
27 / / /
28

1  **IT IS HEREBY ORDERED** dismissing Plaintiff's Complaint without prejudice for
2  the reasons stated above and denying Defendant's Motion to Dismiss (Doc. #6) as moot. The
3  Clerk shall enter judgment accordingly.

4  DATED this 13th day of March, 2009.

_____
James A. Teilborg
United States District Judge